# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

FILED
CHARLOTTE, NC

JUL 23 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

Marquita Hagins

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Tyjuana Griffin
Richard E Myers II
Daniel P. Bubar

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   3:25-CV-538-KDB

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marquita Hagins |
| Street Address | P.O. Box 1093 |
| City and County | Clayton & Johnston |
| State and Zip Code | North Carolina 27520 |
| Telephone Number | (919) 928-2059 |
| E-mail Address | haginsmarquita4@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Defendant No. 1

Name       Tujuana Griffin

Job or Title *(if known)*    Clerk

Street Address      310 New Bern Ave

City and County     Raleigh & Wake

State and Zip Code   North Carolina 27601

Telephone Number

E-mail Address *(if known)*

Defendant No. 2

Name       Richard E Myers II

Job or Title *(if known)*   Judge

Street Address      2 Prince st

City and County     Wilmington

State and Zip Code   North Carolina 28401

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name       Daniel P. Bubar

Job or Title *(if known)*   Attorney

Street Address      150 Fayetteville st ste 2100

City and County     Raleigh

State and Zip Code   North Carolina 27601

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[☑] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This case arises under the U.S Constitution and Federal law, including Bivens v. Six Unknown Named Agents, 403 U.S 388 (1971), the First, Fourth and Fourteenth Amendments, and 28 U.S.C § 1331

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

    a.   If the plaintiff is an individual

The plaintiff, *(name)* Marquita Hagins , is a citizen of the State of *(name)* North Carolina .

    b.   If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

    a.   If the defendant is an individual

The defendant, *(name)* Tujuana Griffin , is a citizen of the State of *(name)* North Carolina . Or is a citizen of *(foreign nation)* _____ .

b. If the defendant is a corporation

The defendant, *(name)* is incorporated under

the laws of the State of *(name)* , and has its

principal place of business in the State of *(name)*

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)*

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Plaintiff seeks 1,000,000,000.00 in damages for ongoing constitutional violations, unlawful exclusion from her home, judicial and procedural retaliation, and medical harm inflicted upon a ventilator-dependent family member. The injuries include property loss, emotional trauma, and life-threatening health consequences arising from federal misconduct and court obstruction.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff brings this Bivens action for damages and injunctive relief based on constitutional violations by federal officials. After filing a federal civil rights case in May 2025, Plaintiff was wrongfully excluded from her home, resulting in life threatening harm to her ventilator-dependent daughter. Following default against the opposing party, Clerk Tujuane Griffin obstructed and improperly submitted matters to a disqualified judge, later attempting to "unsubmit" them after the violation occurred. Judge Richard F Myers I continued to interfere despite disqualification by staying silent. Acting US Attorney was notified but failed to intervene. This actions resulted in ongoing retaliation, denial of court access and severe harm to Plaintiff and her family.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

• Compensatory damages in the amount of 1,000,000,000 for violations of Plaintiffs constitutional rights, property exclusion, and medical trauma.

• Punitive damages to punish and deter future misconduct by federal officials who abuse their positions of authority.

• Declaratory relief stating that Defendants' actions violated Plaintiffs Constitutional rights under the First, Fifth and Fourteenth Amendments.

• Injunctive relief restoring possession of Plaintiffs property and prohibiting further interference, obstruction, or retaliation.

• Any further relief the court deems just and proper.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     07/23/2023

Signature of Plaintiff     _Marguerite Hogg_

Printed Name of Plaintiff     _____

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
NORTH CAROLINA

*Marquita N. Hagins*

Plaintiff                                    Civil Action No _____

v.

**Tyjuana Griffin, Clerk of Court (EDNC), in her individual capacity;**

**Judge Richard E. Myers II, in his individual capacity;**

**Daniel P. Bubar, Acting U.S. Attorney (EDNC), in his individual capacity**

Defendant

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF
PURSUANT TO BIVENS**

**TABLE OF CONTENTS**

1. Preliminary Statement ........................................................... 3
2. Jurisdiction and Venue ......................................................... 4
3. Legal Framework and Dismissal Standard ......................................... 5
4. Parties ........................................................................ 6
5. Factual Allegations ............................................................ 7
6. Plaintiff's Notice of Enforcement Readiness and Counsel Warning .... 11

7.  Additional Enforcement Framework and Legal Authority ..................... 12

    A. Rule 70(e) and All Writs Act Enforcement Authority ......................... 12

    B. Constructive Denial Clause (Mandamus Preservation) ..................... 13

    C. Oversight and Public Accountability Statement ................................ 13

    D. Emergency Relief and Irreparable Harm Doctrine ............................ 14

    E. Constitutional Precedent and Federal Accountability ....................... 14

8.  Escalation of Damages from Addendum B ......................................... 15

9.  Settlement Conditions and Rejection of Non-Disclosure ................... 15

10. No Immunity Applies .......................................................................... 16

11. Preservation of Publication and Exposure Rights ............................ 17

12. Claims for Relief ................................................................................ 18

13. Prayer for Relief ................................................................................ 20

14. Jury Demand ...................................................................................... 21

**Attachments (Incorporated by Reference):**

- Addendum B – Final Settlement Opportunity and Constitutional Notice (attached)

- Addendum C – Damages Statement and Liability Allocation (attached)

- Addendum D – Timeline of Misconduct, Retaliation, and Docket Tampering (attached)

- Addendum E – DOJ Defense Anticipation Memos (attached)

- [EXHIBIT A supports this entry – unauthorized EDNC docket activity by Griffin.]

- [EXHIBIT B confirms lawful filing at the Fourth Circuit.]

# I. PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971), *to hold federal officials personally accountable for violating Plaintiff's clearly* established constitutional rights. Plaintiff Marquita N. Hagins, a private citizen, brings this action pro se against federal officers acting under color of federal law who engaged in retaliatory, obstructive, and constitutionally offensive conduct after receiving actual notice of Plaintiff's protected filings and pending claims.

These federal actors Clerk Ty Griffin, Judge Richard E. Myers II, and Acting U.S. Attorney Daniel P. Bubar deliberately sabotaged Plaintiff's access to court, enabled ongoing harm, and allowed the unlawful exclusion of Plaintiff and her medically fragile daughter from their home despite an active federal case, resulting in near-death hospitalization and continued life-threatening conditions.

# II. Jurisdiction, Venue, and Legal Authority

This Court has jurisdiction under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), to adjudicate constitutional claims against federal officials acting under color of federal authority. Plaintiff asserts violations of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments, including due process, access to courts, and freedom from retaliation.

*Jurisdiction is further proper under:*

- 28 U.S.C. §1331 (federal question),
- 28 U.S.C. §1343 (civil rights),

- 28 U.S.C. §1651 (All Writs Act),
- Federal Rule of Civil Procedure 70(e) (enforcement of orders).

**Venue** *is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391(b)* because a substantial part of the events or omissions giving rise to the claims occurred in North Carolina, and Plaintiff does not consent to further proceedings in the Eastern District due to disqualification and constitutional conflicts.

**Rooker-Feldman Doctrine Inapplicable:** Plaintiff anticipates no valid application of the Rooker-Feldman doctrine. This action does not seek review or reversal of any state court judgment, but instead asserts independent constitutional claims against federal officers for retaliation, obstruction, and access-to-court violations that arose entirely from Plaintiff's federal litigation. The alleged injuries stem from post-filing misconduct by federal actors, not from any state court proceeding.

See Skinner v. Switzer, 562 U.S. 521, 532 (2011) ("Rooker-Feldman does not bar a federal claim simply because a party attempts to litigate in federal court a matter previously litigated in state court.")

Plaintiff also seeks declaratory, injunctive, and monetary relief under 28 U.S.C. §2201 and §2202, including emergency enforcement and possession relief due to defaulted claims and continuing constitutional harm.

This Court has subject-matter jurisdiction under **28 U.S.C. § 1331**, as this action arises under the Constitution and laws of the United States. Venue is proper in this district under **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred, and the defendants acted, within

the boundaries of the Eastern and Western Districts of North Carolina. Relief is sought under **Bivens**, the **All Writs Act (28 U.S.C. § 1651)**, and the inherent equitable authority of this Court.

## II-A. LEGAL FRAMEWORK AND DISMISSAL STANDARD

This Complaint is properly pled under the plausibility standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's allegations raise more than a speculative right to relief and present plausible, specific, and supported facts constituting constitutional violations.

Plaintiff further distinguishes this case from any novel Bivens context. The conduct at issue involves well-established rights, including the First Amendment right of access to court, the Fifth Amendment right to due process, and protections against retaliation. See *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979). This case does not require expansion into a new Bivens context under *Ziglar v. Abbasi*, 582 U.S. 120 (2017), but instead applies settled precedent to egregious, personal misconduct by federal actors.

## III. PARTIES

**Plaintiff MARQUITA N. HAGINS** is a resident of Johnston County, North Carolina, and brings this action in her individual capacity. She is the mother and caregiver of a ventilator-dependent adult daughter who suffered severe medical harm as a result of the conduct described in this complaint.

Defendant Tyjuana Griffin is the Clerk of the U.S. District Court for the Eastern District of North Carolina, sued in her individual capacity for actions taken outside the scope of judicial immunity, including docket tampering, unlawful referrals, and retaliation.

Defendant Judge Richard E. Myers II is a federal judge assigned to the Eastern District of North Carolina, sued in his individual capacity for post-disqualification interference, retaliatory sabotage of default relief, and willful obstruction.

Defendant Daniel P. Bubar is Acting U.S. Attorney for the Eastern District of North Carolina, sued in his individual capacity for failing to intervene or act upon documented constitutional violations and emergency notice, thereby facilitating the continuation of harm and obstruction.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff filed a federal civil rights case on May 23, 2025, in the Eastern District of North Carolina: Hagins v. Hijaz, Case No. 5:25-cv-00280-M.

2. The case alleged wrongful eviction, title dispute, and ongoing constitutional violations tied to possession and exclusion from Plaintiff's property at 222 Trailing Oak Trail, Clayton, NC.

3. On May 27, 2025, Plaintiff filed an Amended Verified Complaint.

4. On June 2, 2025, Plaintiff served the Defendant with the Amended Complaint and Supplemental Pleading.

5. On June 13, 2025, unauthorized defense counsel Marcus Burrell made his first appearance by filing a Notice of Appearance and a Motion to Dismiss, despite never being admitted in the case in accordance with Local Rule 83.1.

6.  On June 23, 2025, Defendant Bassam Hijaz defaulted by failing to answer.

7.  On June 24, 2025, Plaintiff filed a Motion for Entry of Default and Default Judgment.

8.  On June 30, 2025, Defendant unlawfully moved into the property at 222 Trailing Oak Trail, despite having defaulted.

9.  On July 1, 2025, Plaintiff filed a Motion to Restore Possession and Enforce Default.

10. On July 2, 2025, Plaintiff submitted the motion for enforcement along with Rule 70(e) materials to the Eastern District Clerk.

11. Despite the default, Clerk Ty Griffin continued to process post-default filings by unauthorized defense counsel Marcus Burrell, violating Fed. R. Civ. P. 55, Local Rule 83.1, and Plaintiff's due process rights.

12. On July 7, 2025, Plaintiff filed a Judicial Disqualification and Jurisdictional Objection Notice under 28 U.S.C. §§ 144 and 455, naming both Griffin and Judge Myers. Plaintiff also filed an Emergency Petition for Writ of Mandamus with the Fourth Circuit that same day, naming only Griffin and Myers as respondents. Plaintiff's Petition included Addendum A – Confidential Settlement Position, which was filed exclusively with the Fourth Circuit and was unrelated to EDNC proceedings.

13. On July 8, 2025, Plaintiff's ventilator-dependent daughter was hospitalized again due to continued exclusion from the home and lack of access to emergency medical equipment.

14. On July 9, 2025, Clerk Griffin submitted Plaintiff's Emergency Petition for Writ of Mandamus to Judge Myers after disqualification, and later attempted to retract the submission.

15. On July 10, 2025, Plaintiff filed the Emergency Rule 70(e) Motion to Enforce Possession in the Fourth Circuit Court of Appeals, along with a Motion for Sanctions against

unauthorized counsel. These filings were directed to the Fourth Circuit only, and Griffin was served solely in her capacity as a respondent.

16. On July 11, 2025, the Fourth Circuit docketed the Rule 70(e) Emergency Motion and Sanctions Motion. However, Clerk Griffin unlawfully docketed the same filings in EDNC, creating the false appearance that Plaintiff had filed them in the district court. This action violated Plaintiff's procedural instructions and the post-disqualification freeze.

17. On July 14, 2025, Supervisor Pruce of the U.S. Marshals Service refused to process the Rule 70(e) enforcement packet, refused to return the packet upon Plaintiff's request, and hung up on Plaintiff, constituting obstruction of court process.

18. On July 16, 2025, Clerk Griffin unlawfully referred Defendant's Motion to Dismiss to Judge Robert T. Numbers II despite default and disqualification.

19. On July 17, 2025, Plaintiff mailed a hard copy of Addendum B – Final Settlement Position to all federal respondents. Including Daniel P. Bubar and the U.S. Marshals.

20. On July 21, 2025, Clerk Sellers docketed a (copy) of Plaintiff's Emergency Petition for Writ of Mandamus at the Fourth Circuit as Dkt. 44, despite Plaintiff's express instructions to limit EDNC's role to service only. This constituted continued interference, retaliation, and docket tampering.

21. On July 22, 2025, Addendum B – Final Settlement Position expired at 5:00 PM without any response, resolution, or remedial effort from any federal respondent.

22. This silence, in the face of documented constitutional harm and a final opportunity for resolution, reflects deliberate indifference, institutional complicity, and a willful refusal to uphold the constitutional rights of the Plaintiff and her family.

## V. CLAIMS FOR RELIEF

### PLAINTIFF'S NOTICE OF ENFORCEMENT READINESS AND COUNSEL WARNING

Plaintiff gives notice that this action is filed after exhausting all administrative and procedural remedies, including Addendum B served on July 16, 2025, which provided federal officials with final constitutional notice. Their continued misconduct after receiving that notice renders all claims herein intentional, knowing, and actionable under clearly established law.

Plaintiff reserves the right to release all evidence, timelines, exhibits, and related misconduct reports to national media outlets, congressional oversight offices, and civil rights organizations. This includes documentation of retaliation, default manipulation, suppression of emergency relief, and disregard for medical trauma affecting a ventilator-dependent household member.

Any legal counsel who enters an appearance on behalf of the named Defendants does so at their own risk. Plaintiff will seek sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 for any filing that misrepresents the default timeline, ignores the disqualification record, or attempts to defend unlawful post-default or post-notice conduct.

Plaintiff affirms that this litigation is deliberate, high-stakes, and grounded in both constitutional doctrine and factual urgency. It is not a general grievance. It is a demand for historic accountability.

### ADDITIONAL ENFORCEMENT FRAMEWORK AND LEGAL AUTHORITY

## A. Rule 70(e) and All Writs Act Enforcement Authority

Plaintiff invokes Fed. R. Civ. P. 70(e) and 28 U.S.C. § 1651 (All Writs Act) as authority for enforcement of any judgment rendered herein, including restoration of possession, protection from post-judgment retaliation, and issuance of writs directed to the U.S. Marshals Service. Should Defendants fail to comply with declaratory or injunctive orders, Plaintiff reserves the right to request compulsory enforcement, physical execution, or sanctions.

## B. Constructive Denial Clause (Mandamus Preservation)

Any delay, obstruction, or unjustified refusal to rule on Plaintiff's filings—including motions for possession, enforcement, and sanctions—shall be treated as a constructive denial of access to court under *Bounds v. Smith*, 430 U.S. 817 (1977). Plaintiff reserves the right to pursue mandamus or supervisory claims if constitutional relief is impeded.

## C. Oversight and Public Accountability Statement

This litigation is not merely legal but institutional. Plaintiff reserves the right to release the record of judicial retaliation, docket suppression, and enforcement refusal to media, oversight agencies, congressional offices, and legal watchdogs. These include the Office of the Inspector General (DOJ), U.S. Marshals Service leadership, Senate Judiciary Committee, and First Amendment organizations. Any effort to conceal the constitutional violations alleged herein will be met with lawful exposure.

## D. Emergency Relief and Irreparable Harm Doctrine

Plaintiff asserts that ongoing harm to a ventilator-dependent family member constitutes irreparable injury under federal equitable standards. See *Elrod v. Burns*, 427 U.S. 347 (1976)

(loss of constitutional rights constitutes irreparable harm). Relief is appropriate not only to redress damages but to prevent ongoing physical and constitutional trauma.

### E. Constitutional Precedent and Federal Accountability

This Complaint is consistent with binding precedent under:

- *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
- *Davis v. Passman*, 442 U.S. 228 (1979)
- *Carlson v. Green*, 446 U.S. 14 (1980)
- *United States v. Lee*, 106 U.S. 196 (1882)
- *Forrester v. White*, 484 U.S. 219 (1988)
- *Mitchell v. Forsyth*, 472 U.S. 511 (1985)

## ESCALATION OF DAMAGES FROM ADDENDUM B

Plaintiff notes that Addendum B, submitted on July 16, 2025, offered resolution at a significantly lower monetary amount. Defendants' failure to respond, combined with their continued misconduct after receiving constitutional notice, justifies escalation of the damages claim to $1 billion. This increase reflects not only the expanded scope of post-notice violations but also the irreparable harm inflicted upon Plaintiff and her household by the prolonged denial of redress.

## SETTLEMENT CONDITIONS AND REJECTION OF NON-DISCLOSURE

Plaintiff is prepared to resolve this matter through lawful, documented settlement; however, she will not accept any agreement that includes a non-disclosure provision designed to suppress the public record of federal misconduct, judicial retaliation, or constitutional injury. Any financial

resolution must preserve Plaintiff's right to speak, report, and protect others from similar abuse. Plaintiff further reserves the right to disclose all facts, evidence, and records to media outlets, congressional offices, and federal oversight agencies. This lawsuit is not merely about recovery it is about accountability.

**NO IMMUNITY APPLIES**

Defendants acted outside the scope of any judicial or prosecutorial immunity by knowingly engaging in post-default docket tampering, unauthorized filings, suppression of motions, and denial of enforcement. These are administrative and clerical actions, not adjudicative functions. See *Forrester v. White*, 484 U.S. 219 (1988) (no judicial immunity for administrative acts). See also *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (absolute immunity does not apply to unconstitutional behavior by federal officials).

All Defendants are sued in their individual capacities. Qualified immunity is inapplicable where the official violates clearly established constitutional rights of which a reasonable person would have known. As established in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985), federal officials are liable for unconstitutional acts when they violate clearly established law. The rights at issue—access to courts, protection from retaliation, due process, and seizure of property without lawful basis—are clearly established under the First, Fourth, Fifth, and Fourteenth Amendments. Each Defendant was on actual notice of these rights through Addendum B, yet deliberately failed to act, demonstrating a knowing and intentional violation of settled law.

**Preservation of Publication and Exposure Rights**

Plaintiff retains all rights to disclose, publicize, and distribute the facts, filings, and exhibits in this action. No protective order, sealed proceeding, or confidentiality clause shall be presumed or imposed without Plaintiff's express consent. The public interest in government accountability, federal access obstruction, and constitutional enforcement outweighs any claim of reputational or institutional sensitivity.

## COUNT I – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

Defendants, acting under color of federal law, took adverse actions against Plaintiff in retaliation for her exercise of protected constitutional rights, including the filing of legal actions, motions, and notices challenging unlawful eviction, default violations, and judicial misconduct. These retaliatory acts included docket tampering, denial of court access, referral of motions by a disqualified clerk, suppression of emergency filings, and deliberate delay of relief. Such actions were substantially motivated by Plaintiff's protected activity and resulted in direct harm, including unlawful exclusion, medical trauma, and loss of rights.

## COUNT II – VIOLATION OF PROCEDURAL DUE PROCESS (FIFTH AMENDMENT)

Plaintiff was deprived of her property interest in her home, her court access rights, and her opportunity to be heard on emergency and default-related motions. These deprivations were caused by Defendants' actions taken without fair process, after judicial disqualification, and after default was triggered. Defendants' conduct shocks the conscience and represents an egregious abuse of federal authority.

**COUNT III – OBSTRUCTION AND SABOTAGE OF JUDICIAL PROCESS**

Defendants knowingly interfered with and sabotaged the lawful operation of the federal court by accepting unauthorized filings, altering post-default docket flow, tampering with submitted materials, and refusing to process lawful motions. These actions were not protected by any form of immunity and were executed outside the scope of lawful discretion.

**COUNT IV – DELIBERATE INDIFFERENCE TO MEDICAL HARM**

Defendants were fully aware of Plaintiff's daughter's life-threatening condition and the emergency consequences of exclusion from the property. Despite receiving multiple filings, exhibits, and emergency notices, they took no action to protect the health and safety of Plaintiff's dependent, demonstrating deliberate indifference to serious medical needs.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award the following relief:

1. Issue a declaratory judgment that the actions of Defendants violated Plaintiff's rights under the U.S. Constitution;

2. Award compensatory damages in the amount of **$1,000,000,000.00** against all Defendants jointly and severally;

3. Award punitive damages as appropriate to punish and deter future misconduct;

4. Issue a permanent injunction restoring Plaintiff's possession of the subject property;

5. Prohibit any further interference with Plaintiff's property, legal proceedings, or court access;

6. Enjoin Defendants from taking any retaliatory action in connection with this lawsuit;

7. Grant Plaintiff such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

*Marquita N. Hagins*

**Marquita N. Hagins**

Pro Se Plaintiff

P.O. Box 1093

Clayton, NC 27520

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2025, I caused a true and correct copy of the foregoing Complaint for Damages and Declaratory and Injunctive Relief Pursuant to Bivens, along with all supporting addenda and exhibits, to be served Certified United States Postal Service, addressed as follows:

TyJuana Griffin
Clerk of Court (EDNC)
U.S. District Court for the Eastern District of North Carolina
310 New Bern Ave
Raleigh, NC 27601

Richard E. Myers II
Chief Judge (EDNC)
U.S. District Court for the Eastern District of North Carolina
2 Prince Street
Wilmington, NC 28401

Daniel P. Bubar
Acting U.S. Attorney (EDNC)
U.S. Attorney's Office, Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

U.S. Attorney General
Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Civil Process Clerk
U.S. Attorney's Office – Western District of North Carolina
227 W Trade St. #1650
Charlotte, NC 28202

Respectfully submitted,

*Marquita Hagins*

Marquita N. Hagins
P.O Box 1093, Clayton, NC 27520