IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00538-KDB-SCR

| | |
|---|---|
| MARQUITA N. HAGINS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD E. MYERS II,<br>TYJUANA GRIFFIN, AND<br>DANIEL P. BUBAR,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion to Restore Possession and Enforce Default (Doc. No. 2), Motion to Expedite Ruling on Motion to Restore Possession (Doc. No. 8) and its own motion to consider if venue is proper in this District. *See* Fed. R. Civ. Proc. 12(b)(3); Text Order to Show Cause dated July 25, 2025.[1] Because the Court finds that the Western District of North Carolina is an improper venue, this action will be transferred to the Eastern District of North Carolina and Plaintiff's pending motions dismissed without prejudice.

When the question of venue is raised, the plaintiff bears the burden of showing that venue is proper. *GORE v. Air & Liquid Corp.*, No. 1:15-cv-465, 2016 WL 11680149, at *1 (M.D.N.C. June 21, 2016). If venue is improper, the court can either dismiss the case or, "if it be in the interest

---

[1] The Court's July 25, 2025, Text Order to Show Cause directed the Plaintiff to show cause why the case should not be transferred to the Eastern District of North Carolina on or before August 25, 2025. In response to that Order, Plaintiff filed a Motion to Vacate Magistrate Referral, Reinforce Disqualification and Demand Article III Oversight, (Doc. No. 5), in which she argued that venue / jurisdiction is proper in this District. She made similar arguments in her Motion to Expedite. (Doc. No. 8). Therefore, the issue of venue is ripe for the Court's ruling.

1

of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue is proper either in "(1) a judicial district in which any defendant resides, if all defendants are residents of the same State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §§ 1391(b)(1), (2). "[I]n determining whether events or omissions are sufficiently substantial to support venue ..., a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). "It is possible for venue to be proper in more than one judicial district," *id*.; however, a case cannot proceed in an improper district. *See N. Carolina All. for Retired Americans v. Hirsch*, No. 1:23-CV-837, 2024 WL 5695635, at *2–3 (M.D.N.C. May 16, 2024).

In this action, Plaintiff asserts claims against the Clerk of the U.S. District Court for the Eastern District of North Carolina, a United States District Court Judge and the acting U.S. Attorney for the Eastern District of North Carolina, which are all related to a civil action filed by Plaintiff in the Eastern District of North Carolina, *Hagins v. Hijaz*, Case No. 5:25-cv-00280-M (EDNC). Plaintiff has not pled or identified any "acts or omissions" occurring in the Western District of North Carolina. Therefore, venue is improper in this District.

Because this court has concluded that venue is improper in the Western District of North Carolina, it must determine whether to transfer the case to the Eastern District of North Carolina or to dismiss the case without prejudice. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought."). When venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant. *See N. Carolina All. for Retired Americans,* 2024 WL 5695635, at *4. Here, the Court generously concludes that Plaintiff did not bring this case in an improper venue in bad faith or in an attempt to harass (but rather out of a lack of legal training). The Court further finds that venue would be proper in the Eastern District of North Carolina and that this case could have been brought there. Thus, this action will be transferred to the Eastern District of North Carolina.

Finally, the Court does not reach the merits of Plaintiff's motions, which are denied without prejudice.

**NOW THEREFORE IT IS ORDERED THAT**:

1. The Clerk is directed to transfer this action to the United States District Court for the Eastern District of North Carolina; and

2. Plaintiff's Motion to Restore Possession and Enforce Default (Doc. No. 2) and Motion to Expedite Ruling on Motion to Restore Possession (Doc. No. 8) are DENIED without prejudice.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 12, 2025

Kenneth D. Bell
United States District Judge